**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN E. GROFF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NICKESHA V. REID a/k/a REID NICKY,<br><br>　　　　Defendant. | Hon. _____<br><br>Civil Action No.: 1:25-cv-02550<br><br><u>JURY TRIAL DEMANDED</u><br><br>**AMENDED**<br>**COMPLAINT**<br>**AND JURY DEMAND** |

**<u>AMENDED COMPLAINT AND JURY DEMAND</u>**

　　Plaintiff, JOHN E. GROFF, by and through his undersigned attorneys, and by way of Complaint, brings this action for damages and other legal and equitable relief against Defendant, NICKESHA V. REID a.k.a. "REID NICKY," alleging as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

JOHN E. GROFF
BEOWULF BUILDING
1814 East Route 70 - Suite 321
Cherry Hill, NJ 08003

NICKESHA V. REID a.k.a. "REID NICKY"
10658 Biscayne Blvd.
Jacksonville, FL 32218

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, on the basis of complete diversity of citizenship, as Plaintiff is a citizen of the State of New Jersey, while Defendant is believed to be a citizen of the State of Florida, and further, Plaintiff alleges damages in excess of $75,000.00, exclusive of costs and interest.

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims as complained of herein occurred within this district.

## PARTIES

1. At all times relevant hereto, Plaintiff JOHN E. GROFF is an adult citizen of the State of New Jersey.

2. At all times relevant hereto, Defendant NICKESHA V. REID, also known as "Reid Nicky," "Nicki Reid," and "Nickesha Reid," is an adult individual believed to reside at 10658 Biscayne Blvd, Jacksonville, Florida 32218, who is a citizen of the State of Florida.

## GENERAL ALLEGATIONS

3. Plaintiff is a paralegal and the firm administrator of the Lento Law Group, PC, a New Jersey Corporation and law firm, which has represented the late Eric Bradford Mays and others in Flint, Michigan.

4. Defendant has made a series of knowingly false and defamatory statements about Plaintiff on social media, specifically in the public Facebook group "Flint Politics."

5. On April 7, 2025, Defendant alleged that Plaintiff was involved in "foul play" surrounding Councilman Eric Mays' death, stating: "Councilman Eric Mays' death could be because of FOULPLAY... Any questions should be addressed to JOHN E GROFF from the Lento Law Firm, who had the last conversation with Councilman Mays and was among the first

to arrive at the house." A true and correct screen capture of said post being reproduced below:



6. In another post on April 7, 2025, Defendant referred to Plaintiff as "Mr. Mob" and claimed he had locked her and Councilman Mays' son out of Mays' Facebook account. She described the Lento Law Group as a "law brothel house for attorney[s]" and accused Plaintiff of hiding corruption within a so-called "law firm mafia."

7. In further statements, Defendant falsely asserted that Plaintiff was operating a law firm with deceased attorneys listed on its website and breaching contractual obligations. A true and correct screen capture of said post being reproduced below:



8. These false statements were published to third parties on public social media platforms and were intended to and did cause harm to Plaintiff's personal and professional reputation.

9. Defendant's statements have resulted in reputational harm, lost business opportunities, and emotional distress to Plaintiff.

## COUNT ONE
## DEFAMATION – LIBEL *PER SE*

10. Plaintiff repeats all of the allegations contained in the Complaint thus far above, and incorporates the same as if fully set forth at length herein.

11. Defendant, as previously set forth, deliberately and/or negligently published and/or communicated to third parties false statements about the Plaintiff, both personally and professionally, directly and proximately causing Plaintiff to suffer actual damages as previously set forth.

12. Under New Jersey law, there are four categories of defamatory statements that may be

considered defamatory "per se" in that they so clearly sound to the disreputation of the plaintiff that they are actionable on their face.

13. These categories include statements that impute: (1) commission of a crime, (2) contraction of a loathsome disease, (3) occupational incompetence, or (4) unchastity of a woman. *See*, *Gillon v. Bernstein*, 218 F. Supp. 3d 285, n.14 (D.N.J. 2016); *see also*, *Ward v. Zelikovsky*, 136 N.J. 516, 526 (1994).

14. Among Defendant Reid's defamatory statements published on Facebook were repeated accusations that Plaintiff was involved in foul play surrounding the death of Councilman Eric Mays; that Plaintiff mismanaged and concealed evidence regarding Councilman Mays' estate; and that Plaintiff was a member of a "law firm mafia" and the operator of a "law brothel house for attorney[s]."

15. In one post, Defendant stated: "Councilman Eric Mays' death could be because of FOULPLAY... Any questions should be addressed to JOHN E GROFF from the Lento Law Firm, who had the last conversation with Councilman Mays and was among the first to arrive at the house."

16. In another, Defendant asserted that Plaintiff was hiding corruption, manipulating Councilman Mays' social media, and that he had breached contractual obligations.

17. Defendant further claimed that Plaintiff maintained deceased attorneys on the Lento Law Group website and that the firm, under Plaintiff's management, had engaged in fraudulent conduct to avoid legal scrutiny.

18. These statements, all made on public platforms, were not only false but imputed criminal activity, professional misconduct, and gross ethical violations upon Plaintiff, constituting defamation per se.

19. The context and pattern of repetition of Defendant's statements, combined with her unfounded claims of authority as Councilman Mays's personal representative, create a false factual impression designed to cause reputational harm.

20. As Defendant Reid's statements are defamatory per se, Plaintiff need not prove actual damages. Nonetheless, Plaintiff has suffered actual and prospective damages in that Plaintiff's professional standing, particularly in Michigan and New Jersey, has been impaired; and that current and prospective clients who have seen the offending posts may be dissuaded from retaining Plaintiff's employer, the Lento Law Group for legal services.

## COUNT TWO
## FALSE LIGHT INVASION OF PRIVACY

21. Plaintiff repeats and incorporates by reference the allegations set forth above.

22. Defendant, as previously set forth, deliberately and/or negligently published and/or communicated to third-parties a false statement about the Plaintiff and/or Plaintiff's business and/or services, directly and proximately causing Plaintiff to suffer actual damages.

23. In so posting the false and defamatory statements about Plaintiff, Defendant has portrayed Plaintiff in a false light which would be highly offensive to a reasonable person, whom would certainly take issue – as does Plaintiff – to their reputation, credibility, and professionalism being so impugned.

24. In so posting the false and defamatory statement about Plaintiff, Defendant had knowledge of, or acted in reckless disregard as to, the falsity of the publicized matter and the false light in which Plaintiff would be placed.

25. As a direct and proximate result of the false light defamation inflicted by the Defendant upon Plaintiff, Plaintiff has suffered reputational injury in the conduct of its business, and other actual and prospective damages.

## COUNT THREE
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

26. Plaintiff repeats and incorporates by reference the allegations set forth above.

27. Plaintiff does business within the City of Flint, Michigan, and is well-regarded in terms of his professional reputation.

28. Plaintiff has an existing or reasonable expectation of economic benefit or advantage vis-à- vis the legal services Lento Law Group, PC provides for Michigan clients already engaged, as well as for prospective clients, whether in Flint, Michigan as a whole, or in any State in which the Firm conducts business.

29. Any reasonable individual, including Defendant, would have knowledge of that expectancy – in other words, Defendant knew or should have known that false and potentially defamatory statements which impugn the skill, competency, honesty, reputation, or professionalism of a person – particularly a law firm and its paralegal and office administrator– can drive potential clients away from such a business.

30. Given this knowledge of the Defendants, whether actual or constructive, Defendants nonetheless sought to intentionally interfere with, or were negligently indifferent to such with, said expectancy of the Plaintiff by making such false and defamatory statements that could reasonably serve to drive business away from Plaintiff.

31. There is a more than reasonable probability that Plaintiff would have received the anticipated economic benefit afforded by his good standing in the Flint community in the absence of Defendant's false and defamatory posts.

32. Upon information and belief, a significant number of potential customers were, or could have been, turned away from Plaintiff's business as a direct and proximate result of Defendant's false and defamatory post, thus causing Plaintiff to incur damages in the form of lost business.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, JOHN E. GROFF, demands judgment against Defendant NICKESHA V. REID also known as "REID NICKY," for an Order of the Court:

A) compelling Defendant to remove her respective Facebook posts and/or comments and all such other online posts, wheresoever located and whensoever made, which similarly concern Plaintiff or Plaintiff's conduct of business;

B) compelling Defendant to refrain from posting, communicating, or otherwise publishing such other similar statements concerning the Plaintiff in the future;

C) compelling all Defendants to issue a public retraction into the "Flint Politics" Facebook group, apologizing to Plaintiff for so defaming it; and

D) for general, compensatory, and punitive damages, with interest; reasonable attorney's fees and costs of suit, and for such other further relief as the Court may deem equitable and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Respectfully submitted,

Dated: <u>April 8, 2024</u>    LENTO LAW GROUP, P.C.

_____
LAWRENCE A. KATZ, ESQUIRE
ATTORNEY ID: 027051988
BEOWULF BUILDING
1814 East Route 70 - Suite 321
Cherry Hill, NJ 08003 (T) (856) 652-2000
(F) (856) 375-1010
lakatz@lentolawgroup.com
*Attorney for Plaintiff, John E. Groff*

s